## KENT COUNTY.

STATE *ex relatione* THOMAS MCGRATH *vs.* THOMAS GORMAN.

Under Gen. Stat. R. I. cap. 34, §§ 2, 11, towns may in town meeting elect so many surveyors of highways and for such and for so many districts as they please, and the town councils cannot under cap. 60, § 2, assign such surveyors to other districts than those for which they were elected.

Under cap. 60, § 2, the town councils may assign districts if the town elects surveyors without specifying for what districts they are elected.

A town ordinance cannot control a town meeting in the exercise of its statutory powers.

In the town of E. an ordinance required the election of as many surveyors of highways as there were highway districts in the town. At the town election the town elected M. surveyor of highways for districts Nos. 2, 15, 16. Subsequently the town council assigned M. to district No. 16, and elected other surveyors for districts Nos. 2 and 15.

*Held,* that the action of the town council was *ultra vires* and void.

*Held,* further, that M. was duly elected surveyor of highways for districts Nos. 2, 15, 16.

QUO WARRANTO.

*East Greenwich,* June 8, 1881. POTTER, J. This is an information filed by Willard Sayles, Attorney General, on the relation of Thomas McGrath, of East Greenwich, who claims to be the legally elected surveyor of highways for District No. 2, in said town, and praying for process against Thomas Gorman, of said town, requiring him to show by what warrant he claims to exercise the said office which the said information alleges he doth use and exercise.

On this information a writ of *quo warranto* was issued and the defendant filed pleas thereto. After being heard before the full court in Providence it was, on motion of the respondent's counsel, further heard upon briefs submitted to the court.

It appears that at a town election in East Greenwich, April 6, 1881, there being then sixteen highway districts in the town, the town elected a surveyor for each district excepting No. 6, but elected McGrath, the relator, as surveyor of three districts, Nos. 2, 15, and 16, thus only electing thirteen surveyors in all.

The town council, April 30, 1881, voted to assign McGrath as surveyor to District No. 16, and as in their opinion the town had made no election for Nos. 2 and 15, elected Gorman, the respondent, surveyor of No. 2, and Arnold Nichols for No. 15.

The relator claims that he was legally elected by the town as surveyor of said District No. 2, and had qualified himself to act as required by law. The respondent, Gorman, contends that, as there were sixteen highway districts in the town and the town elected only thirteen surveyors, it was the duty of the electors under an ordinance passed by the town to elect as many surveyors as there were districts; but failing to elect the whole number, the council filled the vacancies, and elected the respondent for one vacancy and assigned him to District No. 2, as he claims they had a right to do.

The council had passed a vote, April 4, 1881, two days before

the town meeting, to divide the old district, No. 2, into three districts, Nos. 2, 15, and 16, and April 6th the town elected McGrath for the three.

It is claimed by the relator that he was legally elected by the town meeting for all these three districts.

It is claimed by the respondent that the same person could not be elected surveyor for three districts ; that McGrath being elected for three, the Council had a right under Gen. Stat. R. I. cap. 60, § 2, to assign him to such district as they pleased, and that the other places were then vacant and they had a right to fill them as they did.

The relator replies that even if the town could not elect him surveyor of the three districts, he had a right to select No. 2, for which he was first elected, and did so select.

The following are the provisions of the State laws bearing upon the subject :

Gen. Stat. R. I. cap. 34, § 2, authorizes the towns to elect so many surveyors of highways as they have occasion for. This provision has been substantially in all the digests since 1766. By § 11 of the same chapter, added to the existing laws in June, 1847, it was enacted that in the election of surveyors of highways the districts shall be called in the order of their numbers, and surveyors first elected for those districts where no ballot is demanded.

By Gen. Stat. R. I. cap. 34, § 13, if the town fails to elect any of the town officers which they may lawfully elect, except town clerk, council, &c., the council may elect them.

And by Gen. Stat. R. I. cap. 60, § 2, the town councils shall assign and appoint annually to the several surveyors their several limits and divisions of the highways for repair, &c. This provision also has been in all the digests substantially as it is since 1766.

From the extracts from the records furnished by Mr. Stanhope, the town clerk, it does not appear that either the town or town council had ever annually made a division into districts or limits. It would seem that the practice had been to consider the old limits and divisions as continuing until altered.

Was there any vacancy to fill? We think not. If the question depends on Gen. Stat. R. I. cap. 34, § 2, then the town had

elected as many surveyors as they thought necessary. If it depends on cap. 34, § 11, we think it authorizes the election of the same person as surveyor of more than one district. In either case there was no vacancy.

But it is contended by the respondent that the town by an "ordinance" passed April 7, 1858, had enacted, § 2, "that there shall be annually chosen at the town meeting holden by law on the first Wednesday of April, as many surveyors of highways as there are or shall be highway districts in the town;" that this was a valid ordinance which had not been repealed and could not be repealed except at some town meeting, after notice had been given in the warrant for calling the meeting that a proposition to repeal it would be considered.

All the authorities and decided cases agree that a municipal corporation has a right to pass by-laws or ordinances for the management of its affairs, and it is generally held that they have a right to enforce them by pecuniary penalties. But there is a wide distinction between what are properly ordinances which regulate the affairs of the town out of town meeting, the conduct of town officers in their several offices so far as they have a right to control them, &c., and an ordinance, more properly a *rule*, which prescribes the mode of proceeding *in* town meeting, the order of business, &c., similar to the rules of proceeding and debate in legislative and other deliberative assemblies. Viewed merely as a rule of proceeding, if the town did not choose to follow it, it would not be bound by it. But it is not properly a rule of proceeding. It undertakes to say that the town shall do what we have already expressed as our opinion that it is not obliged to do, *i. e.* elect a separate surveyor for each district. One town meeting cannot take away from a future town meeting any power the law gives it or prescribe how it shall exercise it.

That there is an apparent inconsistency between the different sections of the law must be admitted. But the legislature have suffered them to remain as they are through the revisions of 1857 and of 1872, after being examined and reported upon by learned and able commissions appointed by them for that purpose, and we are bound to suppose that they did not understand that there was any real inconsistency between them.

Gen. Stat. R. I. cap. 34, § 2, providing that the town may elect as many surveyors as they have occasion for, and cap. 60, § 2, authorizing the council to assign districts, are parts of the old law, which have been upon the statute book in different digests for a long period. Cap. 34, § 11, for electing surveyors by districts was passed in June, 1847, and of course, when passed, repealed former laws in so far as they were inconsistent with it. Did the legislature, when they inserted this provision in the next digest, leaving the old provisions still unchanged, intend to alter the meaning or effect of the new law?

As the law stood before 1847, the town had the power to elect as many commissioners or surveyors as they chose without designating districts, and the council might then assign them districts.

The act of June, 1847, may be regarded either as conferring a new power on the towns to elect by and for districts; or as recognizing, and thus validating, a power which some of the towns had theretofore exercised under the construction they had put upon the old law. That the latter is probably the true view may be inferred from the language of the act. And it was probably the practice to elect surveyors by the numbers of the districts, and the council then gave to each surveyor a description of the bounds of his district and a list of the persons assessed in it, and this was a practical compliance with Gen. Stat. R. I. cap. 60, § 2. See also cap. 60, § 4.

But in a case where, under Gen. Stat. R. I. cap. 34, § 11, the town has elected surveyors for particular districts, to construe cap. 60, § 2, as giving the council power to assign them to different districts, is to give the council power to control or annul the action of the town in town meeting; and this, unless compelled to so hold by very plain language which admits of no other construction, we cannot suppose the legislature intended to do. The town, as they have a right to do, elect surveyors for particular districts already formed or recognized. We cannot construe the section referred to as giving the council this strange and inconsistent power.

And this leaves the grant of power to the council to assign

districts, to apply to a system where a town elects without specifying districts, as they anciently did.

And, in accordance with what has always been held to be a sound principle of construction, it leaves each provision of the statutes to have some meaning, which upon any other construction it would be very difficult to do.

Judgment of ouster must therefore be entered, which will be to the effect that the said Gorman do not further use, exercise, or intrude into the said office, but be forejudged and excluded from further using and exercising the same.

*Judgment of ouster.*

*Samuel W. K. Allen*, for relator.
*Browne & Van Slyck*, for respondent.

NOTE BY MR. JUSTICE POTTER. — The mode of mending highways for a long time after the settlement of the State was very simple. The town elected surveyors, and these surveyors called upon the land-owners, farmers, and others to turn out for the work with men and teams, according to their ability. Districts were assigned them. But it was not until 1798 that towns were authorized to assess a tax for that purpose. In June, 1808, the tax system was made general. The assignment of districts was provided for in 1747, 1766, &c. In June, 1847, a law, which had been before passed specially for South Kingstown, was made general, authorizing the election of surveyors in April, and providing that the surveyors should be elected in the order of districts, &c. These various provisions adopted from time to time, and afterwards incorporated together, account for some of the apparent or real inconsistencies in the statute.